J-S17007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TONY DULA | : | No. 2097 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 30, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002579-2019

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 8, 2022**

The Commonwealth of Pennsylvania appeals from the judgment of sentence of two to four years of imprisonment, followed by two years of probation, imposed after Tony Dula ("Appellee") was convicted of possession of a firearm prohibited and related crimes.  We affirm.

By way of background, Nisia Dunaway was shot in the foot on February 3, 2019, but refused to give the police any information.  Appellee was captured on video wielding a firearm and chasing Dunaway on the 4700 block of North 15th Street in Philadelphia on that day, but no shooting was recorded.  The Commonwealth prosecuted Appellee for aggravated assault as to Dunaway, as well as persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia, and possession of an instrument of crime, relying upon the video footage.  At a bench trial,

the court acquitted Appellee of aggravated assault, but found him guilty of the firearms offenses.

On September 30, 2020, following a presentence investigation ("PSI"), which revealed a standard guideline sentencing range of a minimum of six years of incarceration, the trial court sentenced Appellee to two to four years, followed by two years of probation. The Commonwealth filed a timely post-sentence motion seeking reconsideration of Appellee's sentence. Before the trial court ruled upon the motion, the Commonwealth filed a premature notice of appeal and statement of errors complained of on appeal on October 30, 2020. On February 12, 2021, the trial court denied the Commonwealth's motion by operation of law. The trial court subsequently authored an opinion pursuant to Pa.R.A.P. 1925(a), and this appeal is now ripe for disposition.

The Commonwealth presents the following issues for our consideration:

I.   Should the Commonwealth's notice of appeal be considered properly filed where it was filed within thirty days of the order in question?

II.   Did the Commonwealth preserve its sentencing claims by raising them in a timely post-sentence motion?

III.   Did the [trial] court abuse its discretion in giving a sentence below the guidelines that did not adequately take the public's safety into account?

Commonwealth's brief at 7.

The Commonwealth's first question concerning whether its appeal is considered properly filed is readily answered in the affirmative. Since the Commonwealth filed a timely post-sentence motion, its notice of appeal from

- 2 -

Appellee's September 30, 2020 judgment of sentence had to be filed "within 30 days of the entry of the order disposing of the Commonwealth's motion." Pa.R.Crim.P. 720(A) (4). Patently, the notice of appeal filed prior to the disposition of the post-sentence motion was premature. However, pursuant to Pa.R.A.P. 905, this appeal is deemed to have been timely filed on February 21, 2021, the day that the trial court denied the Commonwealth's timely post-sentence motion. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). Accordingly, we have jurisdiction to entertain the Commonwealth's appeal.

We consider together the Commonwealth's remaining issues implicating the discretionary aspects of Appellee's sentence. The following legal principles guide our review:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Lucky*, 229 A.3d 657, 663-64 (Pa.Super. 2020) (internal quotation marks omitted).

As indicated above, the Commonwealth filed what is deemed to be a timely notice of appeal. The Commonwealth included in its appellate brief a Pa.R.A.P. 2119(f) statement in which it contends that the trial court abused its discretion in sentencing Appellee because (1) the trial court did not articulate at sentencing "special circumstances" to justify an extreme departure from the guidelines, and (2) the sentence does not "adequately" take into account the need for protection of the public and the gravity of the offense. **See** Commonwealth's brief at 18, 19.

The trial court opines, and Appellee advocates, that the Commonwealth failed to preserve these issues by raising them at the sentencing hearing or in its post-sentence motion. **See** Trial Court Opinion, 12/17/21, at 4; Appellee's brief at 14-15. The Commonwealth concedes that it failed to preserve the claim that the court did not articulate the reasons for its downward departure from the guidelines. **See** Commonwealth's brief at 24 n.2. However, it contends that its post-sentence motion request that the trial court reconsider the chosen sentence and "fashion [Appellee's] sentence in a manner that reflects the aggravated nature of this crime, [Appellee's] unwillingness to comply with the rules of court and custodial supervision, and the danger he presents to his community and the city of Philadelphia at large" was an implicit "polite assertion that the [trial] court did **not** adequately consider the above factors in its original sentence[.]" Commonwealth's brief at 23-24 (emphasis in original).

Assuming *arguendo* that the Commonwealth did preserve its claim that the trial court gave inadequate consideration to some of the sentencing factors, it is well-settled that this issue does not present a substantial question warranting appellate review.[1] *See*, *e.g.*, *Commonwealth v. Radecki*, 180 A.3d 441, 469 (Pa.Super. 2018) (collecting cases). Consequently, we have no basis to consider disturbing the trial court's exercise of sentencing discretion.

Moreover, were we to conclude that the Commonwealth presented a substantial question that the trial court violated sentencing norms by deviating from the guidelines, we would nonetheless conclude that the trial court acted within its discretion in this instance. "When reviewing sentencing matters, this Court must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Edwards*, 194 A.3d 625, 637 (Pa.Super. 2018) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the

_____

[1] More specifically, while a complete failure to consider sentencing factors does raise a substantial question, a claim that the sentencing court considered factors inadequately, *i.e.*, did not afford them the amount of weight a party believed appropriate, does not. *See*, *e.g.*, *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 n.2 (Pa.Super. 2009) (holding a claim that the court "imposed [the] sentence based solely on the seriousness of the offense and failed to consider all relevant factors" raised a substantial question, while the claim that the court gave inadequate consideration of mitigating factors does not present a substantial question).

- 5 -

sentencing court." ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa.Super. 2009). Hence, we review the sentencing court's sentencing determination for an abuse of discretion.

> In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014).

While its discretion is broad, "the trial court's discretion is not unfettered." ***Commonwealth v. Coulverson***, 34 A.3d 135, 144 (Pa.Super. 2011). The sentence imposed "should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "Where the sentencing court had the benefit of a presentence investigation report ('PSI'), we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Commonwealth v. Hill***, 210 A.3d 1104, 1117 (Pa.Super. 2019) (cleaned up).

The trial court in the instant case had the benefit of a PSI, and is therefore presumed to have considered all pertinent factors. Further, the court offered extensive reasoning to explain its conclusion that the guideline suggestions were too high given the individual circumstances of Appellee. ***See***

- 6 -

Trial Court Opinion, 12/17/21, at 8-12. Specifically, while at the sentencing hearing the trial court expressly acknowledged the seriousness of this offense, the Commonwealth conceded that Appellee had no convictions for crimes of violence. Rather, every adult conviction was related to Appellee's personal use of marijuana, crimes "that the current District Attorney does not prosecute." *Id*. at 10. The court observed that Appellee's recent infractions during supervision related to smoking cigarettes or K-2. *Id*. at 9. It also weighed the mitigating evidence that Appellee's juvenile placement was at his Mother's request "because he was hanging with the wrong crowd" and that he obtained his high school diploma as a result of his rehabilitation. *Id*. at 10. Appellee himself acknowledged that he needed to do better for himself and his children, and had begun reforming by obtaining certificates in custody, and then picking his children up from school and assisting with his son's football practice. *Id*. at 11. He also apologized to the community for his poor decisions and expressed an intent to obtain a commercial driver's license "so he can work and stay out of trouble." *Id*. The court further considered that Appellee's overall time of incarceration will be augmented by a probation violation sentence in Montgomery County. *Id*. at 11. Mindful of these circumstances, the trial court concluded that a sentence of two to four years of incarceration in this case was "sound [and] reasonable." *Id*. at 7. However, based upon the urging of the Commonwealth at the sentencing hearing, it

added a two-year probationary tail to extend Appellee's supervision to a total of six years on top of his supervision in his Montgomery County case.

The Commonwealth aptly observes that Appellee's prior record, infractions while under supervision, and conduct that did not result in convictions could support sentencing in excess of the guidelines. *See* Commonwealth's brief at 26. However, it is not the role of this Court to "re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." *Macias*, *supra* at 778. Although we may have reached a different result, we discern no indication "that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Antidormi*, *supra* at 760. Accordingly, we cannot conclude that the trial court abused its considerable sentencing discretion. Thus, we must affirm Appellee's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/08/2022

- 8 -